USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE HEBERTO ALVAREZ DENIS,

        Plaintiff,

- against -

UNITED STATES OF AMERICA,

        Defendant.

19-cv-8773
15-cr-632-1 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff's application to appoint counsel is **denied without prejudice** for failure to make the required showing. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000)(noting that such standards are "also useful standards to be applied in determining whether the interests of justice require the appointment of counsel for a petitioner in a habeas corpus proceeding"). For the Court to order the appointment of counsel, the plaintiff must, as a threshold matter, demonstrate that the plaintiff's claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should

be appointed: "plaintiff's ability to obtain representation independently, and [his] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The plaintiff has not made such a showing at this time and the Court cannot determine at this point that the claim has merit.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 30, 2019**

_____
John G. Koeltl
**United States District Judge**

2